UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DEJUAN BOOKER, | CASE NO. 3:14-cv-01025 |
| Petitioner, | JUDGE JOHN R. ADAMS |
| v. | |
| | **ORDER AND DECISION** |
| NEIL TURNER, Warden, | |
| Respondent. | |

This matter appears before the Court on Petitioner Dejuan Booker's objections to the Magistrate Judge's Report and Recommendation ("R & R") recommending dismissal of Booker's habeas corpus action. Doc. 16. For the following reasons, Booker's objections are OVERRULED, and the Court ADOPTS the Magistrate Judge's Report and Recommendation and DISMISSES the underlying habeas petition. Doc. 16.

The R & R adequately states the factual and procedural background of this case. Booker has demonstrated no error in that background, so the Court will not reiterate those sections herein.

I.     **STANDARD OF REVIEW**

If a party files written objections to a magistrate judge's report and recommendation, a judge must perform a de novo review of "those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## II. LAW AND ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs this Court's review of the instant case. *See Harpster v. Ohio*, 128 F.3d 322, 326 (6th Cir. 1997). The relevant portion of the habeas statute provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1) and (2). However, if a claim has not been adjudicated on the merits in a state court proceeding, "and has not been procedurally defaulted, we look at the claim de novo rather than through the deferential lens of AEDPA." *Hill v. Mitchell*, 400 F.3d 308, 313 (6th Cir. 2005).

> As the Magistrate Judge correctly stated:
>
> > In order to obtain federal habeas corpus relief, a petitioner must establish that the state court's decision "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Bobby v. Dixon*, 132 S. Ct. 26, 27 (2011) (quoting *Harrington v. Richter*, 131 S. Ct. 770, 786–87 (2011). This bar is "difficult to meet" because "habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Richter*, 131 S. Ct. at 786 (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)). In short, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Id.* (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The petitioner carries the burden of proof. *Cullen v. Pinholster*, 131 S.Ct. 1388, 1398 (2011).
>
> Doc. 16 at 10.

**A. Ground One:** "Self-defense. I was lured in, robbed, pistol whipped during a marijuana buy and in the process of the robbery I struggled and took a gun while at least one other of the 3 still had a gun that begin [sic] shooting while approaching me."

In the Report and Recommendation, the Magistrate Judge found that Booker's first claim for relief was not cognizable in federal habeas review. Booker objects to this finding. However, instead of pointing to a specific error in the R & R, Booker merely re-states his original argument. He reaffirms his disagreement with the jury verdict on the charge of felony murder and reiterates his arguments regarding self-defense, sufficiency of the evidence, and manifest weight of the evidence. Booker's objection is insufficient to demonstrate error in the Magistrate Judge's decision, and his objections are overruled.

**B. Ground Two:** "I was entitled to a lesser degree as to the charge of felonious assault. I was robbed and pistol whipped and had to receive 8 stitches. I was bleeding profusely out of my face while being approached and shot at [sic]."

At trial, the state-court judge refused to give the jury an instruction for the lesser-included offense of felonious assault. In his second ground for relief, Booker argues that the Magistrate Judge erred by not finding that this refusal constituted a miscarriage of justice entitling him to habeas relief. Doc. 20 at 19. While Booker restates the facts and procedural history of his case, he fails to point to an error in the Magistrate Judge's recommendation. Instead, he disagrees with the outcome and asks this Court to make a different finding.

The Sixth Circuit Court of Appeals has stated that "the failure to instruct on lesser-included offense in noncapital cases [is not] such a fundamental defect as inherently results in a miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure." *Bagby v. Sowders*, 894 F.2d 792, 797 (6th Cir. 1990) (en banc). The Magistrate Judge accurately found that "[t]he state court of appeals' review of whether the trial court properly omitted a jury instruction

on aggravated assault was conducted in accordance with Ohio law and the state court of appeals concluded that there was insufficient evidence to support such an instruction. The state court's determination on a matter of state law is not for this Court's review…." Doc. 16 at 17. While Booker disagrees with the ultimate recommendation in the R & R, he does not point to error committed by the Magistrate Judge. Instead, the R & R accurately finds that Booker's second ground for relief is not cognizable in federal habeas review. Booker's objections are overruled.

> **C. Ground Three**: "Castle Doctrine. I was approached under false pretense [sic] allowed 3 perpetrators in my vehicle and was robbed and pistol whipped and defended my life.

In the R & R, the Magistrate Judge found that Booker's third ground for relief was "not cognizable in federal habeas review and/or as procedurally defaulted." Doc. 16 at 24. Booker objects, but once again, he does not point to a specific error made by the Magistrate Judge. Instead, he disagrees with the recommended outcome.

Booker does not dispute that he did not ask the state court trial judge to give an instruction on the Castle Doctrine. Likewise, he does not dispute that he failed to timely raise the issue of the ineffective assistance of trial counsel for failing to request the instruction. Thus, Booker's claim for relief is procedurally defaulted. This Court agrees with the Magistrate Judge that even if Booker had timely presented the issue of the Castle Doctrine instruction, looking at the merits of the instruction itself, Booker is unable to demonstrate that the statutory presumption of self-defense under R.C. 2901.05(B) applied in his case since he allowed the victims into his car and fired the gun shots after exiting the vehicle. "Thus, since the altercation occurred *outside* the vehicle, the statutory presumption was not applicable." Doc. 16 at 24 (emphasis in text). Booker has not demonstrated error in the Magistrate Judge's recommendation, and his objections are overruled.

4

### III. CONCLUSION

For the reasons set forth herein, the Court finds no merit to Booker's objections, and therefore, those objections are OVERRULED. The Court ADOPTS Magistrate Judge Burke's R&R. Doc. 16. Booker's Petition for Habeas Corpus is DISMISSED.

The Court certifies, pursuant to 28 U.S.C. § 1915(A)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

DATE: April 24, 2017  */s/ John R. Adams*
Judge John R. Adams
UNITED STATES DISTRICT COURT